UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Demetrus Lomax,    #294385, | ) C/A No. 3:11-3330-DCN-JRM |
| Plaintiff, | ) |
| vs. | ) |
| A Glidewell, Disciplinary Hearing Officer;<br>D. Patterson, Responsible Officer;<br>S.C. Dept. of Corrections, | ) Report and Recommendation |
| Defendants. | ) |

David Demetrus Lomax ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at McCormick Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under

28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

## Background

On "December 8, 2010, [Plaintiff] appeared before Ms. Glidewell, Disciplinary Hearing Officer, for the offense of 854 Exhibitionism." ECF No. 1, page 3. Plaintiff was represented by "counsel substitute Ms. Yeldell" and his accuser, Ms. Lee, was also present at the hearing. *Id.* Prior to the hearing, Plaintiff "submitted a request for a material witness and made the same request during the hearing." *Id.* Plaintiff further requested a third witness "and this request was denied also." *Id.* "DHO Glidewell did not give me an opportunity to present evidence and call witnesses on my behalf." *Id.* Thus, Plaintiff alleges a violation of his Fourteenth Amendment right to due process. *Id.* Plaintiff claims that "Mr. D. Patterson, Responsible Official, violated [Plaintiff's]

constitutional rights by approving DHO Ms. Glidewell's decision." *Id.* Plaintiff asks this Court to "overturn 854 conviction; re-hear case and give [Plaintiff] the opportunity to have a material witness." *Id.* at 4.

Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff has listed one Defendant, the South Carolina Department of Corrections ("SCDC"), which is protected from suit under § 1983. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief

sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). State agencies and state instrumentalities, such as SCDC, share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). As Defendant SCDC is protected from suit under § 1983 by Eleventh Amendment immunity, this Defendant is entitled to summary dismissal from the instant action.[1]

Next, Plaintiff alleges a violation of his right to due process during a disciplinary hearing conducted on December 8, 2010. ECF No. 1, page 3. An attachment to Plaintiff's Complaint indicates that the disciplinary proceedings resulted in his loss of ninety (90) days of accrued good time credit. ECF No. 1-1, page 3. Plaintiff asks this Court to overturn his disciplinary conviction and "re-hear" the case. ECF No. 1, page 4. However, to the extent Plaintiff seeks return of his good conduct time, such relief is not available under § 1983. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973)(habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

Further, any claim for damages, and Plaintiff's request for injunctive relief, should be summarily dismissed. While it is true that disciplinary proceedings which implicate a protected liberty interest demand due process, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court has also held that a state prisoner's claim for damages is not cognizable under § 1983

---

[1] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).

where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *Heck's* ruling was subsequently extended to a prisoner's claim for damages regarding loss of good time credits in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under §1983"). The preclusive rule in *Heck* likewise bars injunctive relief related to a disciplinary hearing, if a judgment in the plaintiff's favor would necessarily imply the invalidity of the deprivation of good time credits. *See Moats v. Greenwood*, Civil Action No. 2:09-cv-00963, 2010 WL 2331050 at *2 (S.D.W. Va. June 8, 2010); *Bryan v. SCDC*, Civil Action No. 3:08-cv-846-RBH, 2009 WL 3166632 at *5 (D.S.C. Sept. 29, 2009); *Kerr v. Orellana*, 969 F. Supp 357 (E.D. Va. 1997)(holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing precluded by *Heck*).

While *Heck* does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations such as Plaintiff's, where the administrative action affected credits toward release based on good time served, *Heck* bars the § 1983 claim. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004)("*Heck's* requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."). As *Heck* applies in the instant circumstance, and Plaintiff has not shown that his institutional conviction and sentence have been invalidated, the Complaint's claims against Defendants Glidewell and Patterson are barred by the holdings in *Heck* and *Edwards*.

5

## Recommendation

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed *without* prejudice.

January 11, 2012                                                              Joseph R. McCrorey
Columbia, South Carolina                                              United States Magistrate Judge

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).